UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER D. MADDOX,

    Petitioner,

    v.

CHRISTINE GREGOIRE, *et al*,

    Respondents.

Case No.  C06-5524RBL-KLS

ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  This matter is before the Court on plaintiff's filing of a motion for appointment of counsel. (Dkt. #1).  The Court, having reviewed petitioner's motion, hereby finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754.  In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. See Rule Governing

ORDER
Page - 1

Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. <u>See</u> Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner also has not shown that there is a likelihood of success on the merits or that he is unable to articular his claims *pro se*.

    Accordingly, petitioner's motion for appointment of counsel (Dkt. #1) hereby is DENIED.

    The clerk shall send a copy of this Order to petitioner and to counsel for respondents.

    DATED this 29th day of September, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2