1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER D. MADDOX,

Petitioner,

v.

CHRISTINE GREGOIRE, *et al*,

Respondents.

Case No.  C06-5524RBL-KLS

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Petitioner has been granted *in forma pauperis* status in this case. See Order Granting Application to Proceed *In Forma Pauperis*, dated the same date herewith.

On September 11, 2006, petitioner filed his application to proceed *in forma pauperis* and a number of exhibits containing state court briefs and state court opinions. See Exhibits A-E (Dkt. #1).  Nowhere among any of those documents, however, is an actual petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Accordingly, petitioner shall file such a petition in accordance with the proper rules for doing so by **no later than October 29, 2006**, or this matter shall be recommended for dismissal without prejudice for failure to prosecute.

The Court further notes that petitioner has named Christine Gregoire as one of the respondents in this case, who is the governor of the State of Washington.  Rule 2(a) of the Rules Governing Section 2254

ORDER
Page - 1

Cases in the United States District Courts, however, reads in relevant part:

> If the applicant is presently in custody pursuant to the state judgment in question, the application shall be in the form of a petition for a writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent

Thus, a petition for *habeas corpus* relief  must name the state officer having custody of him or her as the respondent to the petition. <u>California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994 (citations omitted) (failure to name petitioner's custodian deprives federal courts of personal jurisdiction).  This person typically is warden of the institution where the petitioner is incarcerated.  Thus, while petitioner does appear to have named the superintendent of the institution where he currently is incarcerated as the other respondent in this case, it should be noted that if petitioner chooses to file a petition as directed herein, Ms. Gregoire is not a proper respondent here.

The Clerk shall send a copy of this Order to petitioner and counsel for respondent.

DATED this 29th day of September, 2006.



Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2