1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT
                                WESTERN DISTRICT OF WASHINGTON
9                                          AT TACOMA

10   CHRISTOPHER D. MADDOX,

11                       Petitioner,                    Case No.  C06-5524RBL-KLS

12           v.                                         ORDER TO SHOW CAUSE
                                                        REGARDING AMENDED
13   GUY HALL,                                          PETITION

14                       Respondent.

15

16

17

18          This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28

19   U.S.C. § 2254.  The Court, having reviewed petitioner's petition and the balance of the record, hereby

20   finds and ORDERS:

21          The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute

22   of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to

23   the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. §

24   2244(d).  Section 2244(d) reads:

25          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
            corpus by a person in custody pursuant to the judgment of a State court.  The limitation
26          period shall run from the latest of --

27                (A) the date on which the judgment became final by conclusion of direct
                  review or the expiration of the time for seeking such review;
28

ORDER
Page - 1

1

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

4

5

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

6

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

7    28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly

8    filed application for State post-conviction or other collateral review with respect to the pertinent judgment

9    or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute

10   of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the

11   first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v.

12   Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

13          In addition, the exhaustion of state court remedies is a prerequisite to the granting of a petition for

14   writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly

15   by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus may not be implied or inferred.  A

16   petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair

17   opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S.

18   270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of

19   claims to the state court requires "full factual development" of the claims in that forum. Kenney v.

20   Tamayo-Reyes, 504 U.S. 1, 8 (1992).

21          On September 11, 2006, petitioner filed his application to proceed *in forma pauperis* and a number

22   of exhibits containing state court briefs and state court opinions. See Exhibits A-E (Dkt. #1).  However,

23   because nowhere among any of those documents was an actual petition for writ of *habeas corpus* pursuant

24   to 28 U.S.C. § 2254, the Court ordered petitioner to file such a petition in accordance with the proper

25   rules for doing do. (Dkt. #8).  While petitioner has now done so (see Dkt. #9), that petition is deficient for

26   the reasons set forth below.

27          In his petition, petitioner claims he was denied due process and a fundamentally fair trial, but he

28   does not state with any specificity exactly how his due process rights and right to a fair trial was denied.

ORDER
Page - 2

1  Petitioner does state therein that he is raising each and every ground he raised below in his state court

2  appeals as set forth in the appeals briefs attached thereto.  However, no such exhibits are attached.  It may

3  be that petitioner intended to refer to the "exhibits" he previously filed with the Court, but he did not so

4  state in his petition that this was his actual intent.

5  In any event, such incorporation by reference does not constitute a proper presentation of federal

6  *habeas corpus* claims.  That is, the Court will not examine briefs petitioner has submitted with respect to

7  his state court appeals or other proceedings in order to attempt to determine the particular federal claims

8  he now desires to raise in this proceeding.  Rather, to proceed with this matter, petitioner will have to

9  clearly and concisely set forth the particular grounds for federal *habeas corpus* relief, with supporting facts,

10  in the court approved forms provided for doing so.

11  More significantly, however, the petition does not indicate that petitioner's grounds for federal

12  *habeas corpus* relief have been properly exhausted in state court.  Specifically, the petition does not show

13  that any federal claims have been presented to the Washington State Supreme Court, the state's highest

14  court.  While amending his petition to include the specific federal claims he desires to raise here as noted

15  above may cure this deficiency, it also appears from the face of the petition that has been submitted that

16  more than one year has passed since petitioner last challenged this matter at the state level.  Further, there

17  is no indication that any proceeding regarding this matter currently is pending in state court.  It appears,

18  therefore, that the petition is now time barred as well.

19  According to the petition, the date of the conviction, the validity of which petitioner is challenging,

20  was June 7, 2001.  That conviction was affirmed by a decision of the Washington State Court of Appeals

21  on April 29, 2003, which was amended on May 20, 2003.  The Washington State Supreme Court affirmed

22  that conviction as well on October 14, 2004.  Petitioner did not file a petition for writ of *certiorari* with the

23  United States Supreme Court, nor has he filed any personal restraints petitions or other petitions for

24  collateral relief in state court.

25  For purposes of seeking federal *habeas corpus* relief, therefore, petitioner's conviction became final

26  on January 12, 2005.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" in 28

27  U.S.C. § 2244(d)(1)(A) includes period within which petitioner can file petition for writ of *certiorari* from

28  United States Supreme Court, whether or not such petition is actually filed); United States Supreme Court

ORDER
Page - 3

1    Rule 13 (petition for writ of *certiorari* to review judgment by state court of last resort is timely when filed

2    within ninety days after entry of judgment).  As noted above, petitioner commenced this action for federal

3    *habeas corpus* relief on September 11, 2006.  Thus, nearly two years passed between the time his

4    conviction became final and the time he filed for relief in this Court.  As such, unless he can show that

5    equitable tolling applies, his petition is barred by the AEDPA's one year statute of limitations.  The Court

6    finds that he has not done so as he has made no showing of such in his petition.

7         Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in

8    most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted).   Equitable tolling "is

9    appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a

10   petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v.

11   Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001).  "External forces," not petitioner's "lack of diligence" must

12   account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

13   As the Ninth Circuit Court of Appeals has held:

14              It will normally be much more difficult for a prisoner to demonstrate causation where
                he encounters the "extraordinary circumstances" in the beginning or middle of the
15              limitations period than where he encounters them at the end of limitations period. This
                is the case because, if the prisoner is diligently pursuing his habeas petition, the
16              one-year limitations period will ordinarily give him ample opportunity to overcome
                such early obstacles.
17
18   Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required

19   to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v.

20   Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had

21   over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary

22   circumstances).  Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does

23   not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d

     at 714.  Here, there is no indication that extraordinary circumstances beyond petitioner's control made it
24
     impossible for him to file his petition on time.
25
          Accordingly, for the reasons set forth above, the Court shall not serve the petition on respondent.
26
     In addition, petitioner shall file by **no later than December 7, 2006**, an amended petition under 28 U.S.C.
27
     § 2254 showing that his grounds for federal relief have been properly exhausted in state court and that his
28
     petition is not now time-barred, or show cause why this matter should not be dismissed.

ORDER
Page - 4

1   The Clerk shall send a copy of this Order to petitioner.

2   DATED this 7th day of November, 2006.

3

4

5   Karen L. Strombom
    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 5