UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER D. MADDOX,

Petitioner,

v.

GUY HALL,

Respondent.

Case No. C06-5524RBL-KLS

REPORT AND RECOMMENDATION

Noted for January 12, 2007

Petitioner is a state prisoner currently incarcerated at the Two Rivers Correctional Institute, located in Umatilla, Oregon. This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition as unexhausted and untimely.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to

the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In addition, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

On September 11, 2006, petitioner filed his application to proceed *in forma pauperis* and a number of exhibits containing state court briefs and state court opinions. See Exhibits A-E (Dkt. #1). However, because nowhere among any of those documents was an actual petition for writ of *habeas corpus* pursuant

to 28 U.S.C. § 2254, the Court ordered petitioner to file such a petition in accordance with the proper rules for doing so. (Dkt. #8). While petitioner did so (see Dkt. #9), the undersigned found it to be deficient for the reasons set forth in an order to show cause issued on November 11, 2006. (Dkt. #11).

In his petition, petitioner claimed he was denied due process and a fundamentally fair trial, but he did not state with any specificity exactly how his due process rights and right to a fair trial were denied. Petitioner did state therein that he was raising each and every ground he raised below in his state court appeals as set forth in the appeals briefs attached thereto. However, no such exhibits were attached. The undersigned noted that while it may be petitioner intended to refer to the "exhibits" he previously filed with the Court, but he did not so state in his petition that this was his actual intent.

The undersigned further informed petitioner that in any event, such incorporation by reference did not constitute a proper presentation of federal *habeas corpus* claims. That is, the undersigned would not examine briefs petitioner had submitted with respect to his state court appeals or other proceedings in order to attempt to determine the particular federal claims he now desired to raise in this proceeding. Rather, the undersigned informed petitioner that to proceed with this matter, he would have to clearly and concisely set forth the particular grounds for federal *habeas corpus* relief, with supporting facts, in the court approved forms provided for doing so.

More significantly, however, the undersigned pointed out that the petition did not indicate that petitioner's grounds for federal *habeas corpus* relief had been properly exhausted in state court. Specifically, the petition did not show that any federal claims had been presented to the Washington State Supreme Court, the state's highest court. The undersigned also pointed out that while amending his petition to include the specific federal claims he desired to raise here as noted above might cure this deficiency, it also appeared from the face of the petition that he had submitted that more than one year had passed since petitioner last challenged this matter at the state level. Further, the undersigned noted that there was no indication any proceeding regarding this matter currently was pending in state court. Thus, it appeared that the petition was now time barred as well.

According to the petition, the date of the conviction, the validity of which petitioner is challenging, was June 7, 2001. That conviction was affirmed by a decision of the Washington State Court of Appeals on April 29, 2003, which was amended on May 20, 2003. The Washington State Supreme Court affirmed

that conviction as well on October 14, 2004. Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, nor did it appear he had filed any personal restraints petitions or other petitions for collateral relief in state court.

For purposes of seeking federal *habeas corpus* relief, therefore, petitioner's conviction became final on January 12, 2005. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period within which petitioner can file petition for writ of *certiorari* from United States Supreme Court, whether or not such petition is actually filed); United States Supreme Court Rule 13 (petition for writ of *certiorari* to review judgment by state court of last resort is timely when filed within ninety days after entry of judgment). As noted above, petitioner commenced this action for federal *habeas corpus* relief on September 11, 2006. Thus, nearly two years passed between the time his conviction became final and the time he filed for relief in this Court. As such, the undersigned informed petitioner that unless he could show equitable tolling applied here, his petition would be barred by the AEDPA's one year statute of limitations. The undersigned found though that he had not done so as he had made no showing of such in his petition.

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary

circumstances). Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714. In this case, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

On December 12, 2006, petitioner filed a response to the undersigned's order to show cause. (Dkt. #12). In that response, petitioner requests, for a second time, appointment of counsel, claiming he is not competent to represent himself in this matter. As his basis for this claim, petitioner states that he is at a loss for how to prepare a federal *habeas corpus* petition, let alone litigate this case in a cogent matter, and that he currently is being incarcerated in the state of Oregon on an unrelated matter.

While certainly the undersigned can sympathize with petitioner's situation, the reasons he presents are insufficient to establish entitlement to appointment of counsel at government expense. Petitioner has not presented facts showing his situation is any different from many other *pro se* prisoners seeking federal *habeas corpus* relief. Further, plaintiff has not shown himself to be incompetent to represent himself, as shown by his previous filing of his federal *habeas corpus* petition, which, while deficient for the reasons set forth above, indicate an ability to present his claims to federal court.

Petitioner previously filed a motion for appointment of counsel (Dkt. #6), which the undersigned denied (Dkt. #7). The undersigned finds petitioner has not presented anything new that would indicate that prior order was issued in error, nor does the undersigned find any such error. Accordingly, the Court should deny this, petitioner's second, request as well.

With respect to the specific petition deficiencies noted in the undersigned's order to show cause, petitioner argues his federal *habeas corpus* petition was timely filed, which he asserts was finally denied on March 14, 2006. In support of this contention, petitioner has attached a copy of a "certificate of finality" issued by the Washington State Court of Appeals, Division II, on March 23, 2006, which merely states as follows: "This is to certify that the decision of the Court of Appeals of the State of Washington, Division II, filed on February 9, 2006, became final on March 14, 2006."

Nowhere in that certificate, however, is there any indication the personal restraint petition referred to therein concerned the same conviction or sentence, or the same issues, with respect to which his present federal *habeas corpus* petition is concerned. In addition, neither petitioner nor the certificate states when

that personal restraint petition was filed. In other words, it is unclear how much time elapsed between the time petitioner's direct appeal became final and the date he allegedly filed his personal restraint petition. As such, petitioner still has not shown that the petition he filed with this Court is timely.

Even if the evidence petitioner submitted with his response did show his federal *habeas corpus* petition was timely filed, he has not cured the other deficiencies noted in the undersigned's order to show cause. For example, petitioner still has not shown that he presented all of his federal claims to the state's highest court, the Washington State Supreme Court. He states that he assumed all of his claims had been properly exhausted because he did not receive a reply to his inquiry with the Clerk of the Washington State Court of Appeals, Division II, regarding whether he had properly exhausted all of his claims in that court. This, however, does not constitute valid proof that he actually exhausted all of the claims he now seeks to have addressed in this Court, nor does the undersigned find it to have been reasonable for him to have made that assumption.

In any event, the certificate of finality petitioner has submitted does not show that his personal restraint petition was presented to or reviewed by the state's highest court. Petitioner also still has not presented this Court with the actual grounds he is asserting concerning his federal *habeas corpus* claims. As noted in the order to show cause and as set forth above, the Court will not sift through petitioner's state court briefs in an attempt to determine which particular claims and grounds petitioner desires to raise. Accordingly, for all of these reasons, the undersigned finds that petitioner has failed to fully respond to the order to show cause, and that his petition remains deficient.

CONCLUSION

Because petitioner has not fully responded to the undersigned's order to show cause, and because it appears petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations and to exhaust all of his state court remedies, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **January 12,**

**2007**, as noted in the caption.

DATED this 18th day of December, 2006.

Karen L. Strombom
United States Magistrate Judge